UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

CASE NUMBER:  4:16-CR-00511-AGF

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WILLIAM CAFARELLA,

    Defendant.

    _____/

### (UNOPPOSED BY U.S. PROBATION)

### DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

    COMES NOW, the Defendant, WILLIAM CAFARELLA, by and through his undersigned attorneys, pursuant to 18 U.S.C. § 3583(e)(1), and respectfully requests this Honorable Court to enter an order terminating the remaining term of his Supervised Release imposed on December 4, 2017 and as grounds would state the following:

    1.  The Defendant was sentenced in the above styled case on December 4, 2017 for the offense of wire fraud to a period of 18 months in the Bureau of Prisons to be followed by (3) three years of supervised release. [DE 68].

    2.  The Defendant was released from the Bureau of Prisons on November 22, 2019 and began serving his term of supervised release. The Defendant resides in the Southern District of Florida and has been for quite some time.

1

3. The Defendant has completed one-half (½) of his term of supervised release without any incident whatsoever. The Defendant remains completely compliant with all terms and conditions of his sentence.

4. The Defendant is gainfully employed, happily married and has (2) two young children for which he supports. The Defendant just purchased a new house in Parkland, Florida which he sought and was given permission through U.S. Probation. The Defendant is also the general manager of the largest Nissan dealership in the United States, and his performance has been exemplary. The Defendant obtained permission from U.S. Probation to accept his position back in January, 2020.

5. The Defendant does not have any drug or alcohol addictions nor does he suffer from any mental health conditions.

6. The undersigned attorney spoke with the Defendant's U.S. Probation Officer, Linda Maltese who advised that the Defendant has been "doing perfect" while on supervised release and is in compliance with all terms and conditions. The Defendant is current on all his financial obligations as well, including having fully paid his court ordered restitution in the amount of $201,000.00. Ms. Maltese does not oppose an early termination of supervised release for the Defendant.

7. The undersigned attorney contacted the United States Attorney Office and was advised that they would respond to the motion once it was filed with the Court.

8. Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

9. Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination: The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows: 1. stable community reintegration (e.g., residence, family, employment); 2. progressive strides toward supervision objectives and in compliance with all conditions of supervision; 3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses; 4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence); 5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct; 6. no recent evidence of alcohol or drug abuse; 7. no recent psychiatric episodes; 8. no identifiable risk to the safety of any identifiable victim; and 9. no identifiable risk to public safety based on the Risk Prediction Index (RPI). Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

10. The Defendant satisfies all the factors set forth for early termination. He has completed all his terms and conditions of supervision and has no need for programming or treatment. He has completely paid his restitution obligation. He has minimal special conditions and has fully complied with all of them. Neither his probation officer, nor the government opposes this request for early termination of supervised release. The Defendant self-surrendered and served his prison time without incident or disciplinary issues. The Defendant took advantage of his time by taking courses, including Spanish,

levels 1 through 5, finance and parenting. The Defendant was also one of two people chosen for special assignments in the kitchen. In fact, during the first (3) three months of his sentence, the Defendant was sent to Eglin Air Force Base every day to assist with landscaping projects. Since his release, the Defendant has had steady employment, residence, and family life as noted above. He is the father of two children, both of whom live with him and his wife.  I think it is fair to say that the Defendant has been fully reintegrated back into society and is a valued employee, family member, and citizen. The offense did not involve any violence or weapons nor the use of controlled substances.

11.  The Defendant is an ideal candidate for early termination of supervised release based on every factor the Court must consider. It is also significant that U.S. Probation has no objection to an early termination of supervised release for this Defendant.

WHEREORE, the Defendant, WILLIAM CAFARELLA, based upon all of the reasons set forth above, respectfully requests this Honorable Court to enter an order terminating the remaining term of Supervised Release that was imposed on December 4, 2017.

Respectfully submitted,

| | |
|---|---|
| JONATHAN S. FRIEDMAN, P.A. | RICHARD A. MERLINO, P.A. |
| ATTORNEY FOR WILLIAM CAFERELLA | CO-COUNSEL |
| 101 N.E. 3RD AVE. | 101 N.E. 3RD AVENUE |
| SUITE 110 | SUITE 110 |
| FORT LAUDERDALE, FLORIDA 33301 | FORT LAUDERDALE, FLORIDA 33301 |
| TELEPHONE (954) 713-2820 | TELEPHONE: (954) 467-8989 |
| FACSIMILE (954) 745-4910 | FACSIMILE: (754) 301-5109 |
| EMAIL: FRIEDMANLAWFIRM@GMAIL.COM | EMAIL: RICHMERLINOESQ@GMAIL.COM |
| | |
| /S/ Jonathan S. Friedman_____ | /S/ RICHARD A. MERLINO |
| JONATHAN S. FRIEDMAN | RICHARD A. MERLINO |
| FLORIDA BAR NUMBER: 973297 | FLORIDA BAR NUMBER: 977640 |

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on July 28, 2021, the undersigned attorney electronically filed the foregoing document with the Clerk of the Court, United States Attorney Office or the Southern District of Florida and other counsel of record, if any, using CM/ECF and has served same via U.S. Mail to those counsel(s) or individuals, if any, who are not authorized to receive electronically Notice of Electronic Filing.

        */S/ Jonathan S. Friedman*
        JONATHAN S. FRIEDMAN, ESQ.
        FLORIDA BAR NUMBER: 0973297


        */S/ RICHARD A. MERLINO*
        RICHARD A. MERLINO, ESQ.
        FLORIDA BAR NUMBER: 977640